**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONNA H. WOODS,** | ) | |
| **ID # 56667-177,** | ) | |
| **Movant,** | ) | **No. 3:23-CV-768-D-BH** |
| **vs.** | ) | **No. 3:17-CR–0665-D** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Donna H. Woods (Movant), an inmate incarcerated in the United States Bureau of Prisons, filed correspondence stating that she is "now needing to Appeal by way of 2255, to Vacate, Set aside, or Correct sentence under 28 U.S.C. to the 5th District Court of Texas," received on April 10,  2023 (doc. 1).  The correspondence was liberally construed as a motion for relief under 28 U.S.C. § 2255. (*See* doc. 4.)

By *Notice of Deficiency and Order* dated April 11, 2023, Movant was notified that her filing had been construed as a § 2255 motion and that she had not filed her motion on the appropriate form. (*See id*.) She was ordered to complete and return the enclosed form § 2255 motion within 30 days if she wished to pursue relief under § 2255. (*See id*.) The notice and order specifically warned that failure to comply could result in dismissal of this action, and that her motion and any future motion would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). (*See id.*) After more than 30 days had passed without any response from Movant, she was again notified that she had

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

not filed her § 2255 motion on the appropriate form by *Second Notice of Deficiency and Order* dated May 22, 2023. (*See* doc. 7.) She was again ordered to complete and return the enclosed form § 2255 motion within 30 days. (*See id.*) The second notice and order again specifically warned that failure to comply could result in dismissal of this action, and that her motion and any future motion would be subject to the statute of limitations. (*See id.*) Copies of the appropriate form for a § 2255 motion were again attached to the order. (*See id*.) More than 30 days from the date of the second notice and order have passed, but Movant has not complied with either order, and she has not filed anything else in this case beyond her initial filings.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Movant has twice been ordered to submit a properly completed § 2255 motion within 30 days, and each time she was specifically warned that failure to do so could result in dismissal of this action, and that her motion and any future motion would be subject to the one-year statute of limitations.  More than 30 days from the date of the second notice of deficiency and order have passed, but she still has not submitted a properly completed § 2255 motion, and she has not filed anything else in this case or otherwise responded to the orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless Movant submits a properly completed § 2255 motion

within the time for objecting to this recommendation, or by some other deadline set by the Court.

     **SIGNED this 10th day of July, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE